IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


STEVEN CRAIG SMITH,

        Plaintiff,

v.                                                         No. CIV 15-361 JAP/WPL

CITY OF ALBUQUERQUE,
ALBUQUERQUE POLICE DEPARTMENT,
et al.,

        Defendants.


**MEMORANDUM OPINION AND ORDER**

      Plaintiff Steven Craig Smith (Plaintiff), acting *pro se,* brings this 42 U.S.C. § 1983 action against Defendants City of Albuquerque (City), Albuquerque Police Department (APD), and eleven individual APD police officers. CIVIL RIGHTS COMPLAINT PURSUANT TO 42 U.S.C. 1983 (Complaint) (Doc. No. 1). In this opinion, the Court decides three pending motions: (1) Plaintiff's (Second) MOTION FOR EXTENSION of time to serve Defendants with the Complaint (Motion to Extend) (Doc. No. 7); (2) Plaintiff's MOTION FOR AMENDMENT of the Complaint to add approximately 28 new APD police officers or personnel (Motion to Amend) (Doc. No. 8); and (3) DEFENDANT CITY OF ALBUQUERQUE'S MOTION REQUESTING DISMISSAL OF ANY SECTION 1983 MUNICIPAL LIABILITY CLAIM PLED IN PLAINTIFF'S COMPLAINT AGAINST DEFENDANT CITY OF ALBUQUERQUE AND DISMISSAL OF ALBUQUERQUE POLICE DEPARTMENT AS A DEFENDANT IN THIS MATTER (Motion to Dismiss) (Doc. No. 10), that requests dismissal of claims against the City and APD. There are no responses to the three motions.

1

**Background**

Plaintiff's April 29, 2015 Complaint alleges that on April 29, 2012, Plaintiff called APD to report that his morphine had been stolen. Complaint at 2. According to Plaintiff, the responding APD officers did not believe Plaintiff and apparently took no action. Plaintiff then made a second call to APD, requesting a police report number in order "to get a replacement prescription for the morphine." Although APD provided a police report number, Plaintiff called the "Veteran's Crisis Line," requesting to talk to someone about how upset he was with the police. *Id.* Plaintiff alleges that several police officers again arrived at his residence and that the incident escalated into a "commotion," complete with "tear gas" and "excessive amounts of flash bang grenades." *Id.* Plaintiff contends that unnamed police officers injured him and damaged his home during the encounter. *Id.* at 3. Plaintiff attempts to assert a Fourth Amendment excessive force claim against all Defendants. *Id.* at 2.

The Complaint names the eleven Defendant police officers and alleges that each officer was "acting in the course and scope of his employment and under color of state law." But, Plaintiff neither specifies which officers were present at the scene nor describes the actions each officer allegedly took during the April 29, 2012 altercation.

No Answers to the Complaint have been filed. On September 25, 2015, United States Magistrate Judge Carmen E. Garza issued an Order to Show Cause, requiring Plaintiff to explain why he had not served any of the Defendants in accordance with Fed. R. Civ. P. 4(m).[1] Order to Show Cause (Doc. No. 4). Plaintiff responded by requesting an extension to serve Defendants.

---

[1] As of December 1, 2015, Rule 4(m) was amended to reduce the time limit for service of a complaint from 120 days to 90 days.

October 13, 2015 Letter to Court (Doc. No. 5).[2] The Court permitted Plaintiff until November 19, 2015 to serve all Defendants. Order (Doc. No. 6).

On November 19, 2015, the summonses were issued. On November 20, 2015, Plaintiff filed the present Motion to Extend the time in which he could serve Defendants with the Complaint. On November 23, 2015, Plaintiff filed the present Motion to Amend.

It appears that Plaintiff was able to serve Defendant City with the Complaint, because on December 10, 2015, the City filed a Motion to Dismiss and entered an appearance. (Doc. Nos. 10 and 11). Plaintiff's deadline for filing a response to the Motion to Dismiss is December 24, 2015. D.N.M.LR-Civ. 7.4(a).

## Analysis

**I.     Plaintiff's Motion to Amend** (Doc. No. 8) **and Motion to Extend** (Doc. No. 7)

Rule 15(a) permits a party to amend its pleading "once as a matter of course" if the amendment is filed within 21 days after serving it. Fed. R. Civ. P. 15(a)(1)(A). Plaintiff filed his Motion to Amend the Complaint four days after the summonses were issued on November 19, 2015; nothing in the Court records indicates that Plaintiff has successfully served the individual Defendants. Thus, it appears appropriate under Rule 15(a) to permit Plaintiff to amend the Complaint.

The Court, however, is unable to review the proposed amendments because Plaintiff failed to comply with this District's Local Rules that require attaching a copy of the proposed amended complaint to the Motion to Amend. D.N.M. LR-Civ 15.1 ("A proposed amendment to a pleading must accompany the motion to amend."). Although "[a] *pro se* litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by

---

[2] Plaintiff attached numerous pages to the October 13 Letter, including copies of police reports that state Plaintiff exhibited suicidal ideation and was eventually transported to the VA Hospital . Before taking Plaintiff to the hospital, APD officers obtained a "valid mental health pickup order." Doc. No. 5 (attached police reports).

lawyers," *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), the Tenth Circuit Court of Appeals "has repeatedly insisted that *pro se* parties follow the same rules of procedure that govern other litigants." *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (citation omitted). Stated differently, the Court does not serve as a *pro se* litigant's advocate. *See Firstenberg v. City of Santa Fe, N.M.*, 696 F.3d 1018, 1024 (10th Cir. 2012) ("the generous construction that we afford pro se pleadings has limits, and we must avoid becoming the plaintiff's advocate").

While the Court is unable to review Plaintiff's proposed amended Complaint, his Motion to Amend makes clear that Plaintiff wants to add another 28 APD police officers or APD personnel, in addition to the 11 APD police officers that he already named in the Complaint. Motion to Amend at 2. The Motion to Amend does not expressly state whether Plaintiff seeks to add new claims against any of the Defendants, but it appears that Plaintiff may intend to assert claims that are not supported by the facts or the law. *See id.* at 6 ("MY Civil Rights I know of being abused all of them."). In addition, the Motion to Amend includes a number of incomprehensible allegations, e.g., "phone abuse from operators," "abuse of female police officer yelling my name on pa system where I could not see them to know it was copes. bad neighbor hood no light on police cars to recognize them as police officers," "abuse of my hearing setting off flash bang grenades to close to me RV being 8 foot by 32 foot outside to small and enclosed for flash bang grenade," and "abuse of all my civil rights not listed above, and promotion to add them when I get a lawyer." *Id.* at 6–7.

Thus, as best as the Court can determine, Plaintiff proposes to add more than two dozen new defendants and every action that he might have found offensive. In other words, Plaintiff wishes to throw the "kitchen sink" at Defendants. The Court will not allow this type of rambling and incoherent amendment. Complaints that throw in every gripe or perceived slight typically do

4

not survive. *See Pola v. Utah*, 458 F. App'x 760, 762 (10th Cir. Feb. 1, 2012) (affirming dismissal of complaint where the district court found the plaintiff's lengthy complaint with multiple exhibits was "incoherent, rambling, and include[d] everything but the kitchen sink"). *See also Young v. Unified Gov't of Wyandotte Cnty*, 12–CV–2011–KHV, 2012 WL 4211669, at *3 (D. Kan. Sept. 18, 2012) (unpublished) (district court "had repeatedly criticized the filing of 'kitchen-sink' or 'shotgun' complaints --complaints in which a plaintiff brings every conceivable claim against every conceivable defendant. Such complaints are pernicious for many reasons."). Should Plaintiff elect to file an Amended Complaint in compliance with the Court's following instructions, he should carefully choose his strongest claims, if any, that are supported by both the facts and the pertinent law.

The Amended Complaint must identify each claim numerically, e.g., Claim I, Claim II, and Claim III. As to each claim, Plaintiff must specify the law that he alleges was violated and identify by name each Defendant Plaintiff alleges violated that law. For example, if Plaintiff alleges an excessive force claim as Claim I, he must identify each Defendant, <u>by name</u>, who Plaintiff claims used excessive force against him. In addition, Plaintiff must describe, under each claim, what allegedly occurred and what specifically each Defendant did. As to each Defendant, Plaintiff must describe the location and timing of the Defendant's actions, and the results of the actions. Plaintiff is cautioned, however, that it is not enough to assert a claim based on nothing more than objectionable or offensive conduct. In other words, even if an APD employee was rude or yelled at Plaintiff on the telephone, this does not mean that Plaintiff has an actionable claim that is supported by the law.

Moreover, it is improper to add numerous Defendants who are not specifically linked to a claim in the Amended Complaint. Plaintiff's list of possible Defendants with their badge

numbers and employment status, along with the allegations that the Defendants were acting in the course and scope of employment and under color of state law, will not suffice. *See* Complaint at 1–2; Motion to Amend at 3-6. When attempting to hold an individual liable for § 1983 violations, a plaintiff must demonstrate a Defendant's personal involvement in the alleged constitutional violation. *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997). Thus, in the Amended Complaint, Plaintiff must describe specifically how each named Defendant allegedly violated the law.

While the Court will allow Plaintiff to file an Amended Complaint, he must do so in accordance with these instructions and within the strictures of Fed. R. Civ. P. 11(b). Rule 11(b) provides that by presenting a pleading to the court, an unrepresented party like Plaintiff, certifies to the best of his knowledge and belief, "formed after an inquiry reasonable under the circumstances," that his claims are "warranted by existing law or by nonfrivolous argument for extending, modifying, or reversing existing law . . . ." Fed. R. Civ. P. 11(b)(2). In addition, Rule 11 requires that factual contentions have evidentiary support. Fed. R. Civ. P. 11(b)(3). Failure to abide by the requirements of Rule 11 may subject a party to sanctions, including monetary or nonmonetary directives. Fed. R. Civ. P. 11(c). In addition, if Plaintiff does not comply with the Court's instructions and Rule 11's requirements, Plaintiff's Amended Complaint may be dismissed, with prejudice.

The Court, therefore, will grant Plaintiff's Motion to Amend, provided he can file an Amended Complaint in accordance with these instructions and Rule 11. The Amended Complaint must be filed with the Court by no later than December 30, 2015. The Court will also grant Plaintiff's Second Motion to Extend. Plaintiff must serve the Amended Complaint on all

6

Defendants by February 1, 2016. No additional extensions of time will be allowed. Failure to meet these deadlines may result in dismissal of Plaintiff's lawsuit with prejudice.

  **II.**  **Defendant City's Motion to Dismiss** (Doc. No. 10)

  Defendant City asks the Court to dismiss Plaintiff's 42 U.S.C. § 1983 claims against it for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Defendants argue, for example, that Plaintiff has not set forth any of the requisite elements of a § 1983 claim against the City. Motion to Dismiss at 3. In addition, Defendant City argues that any claims against the Albuquerque Police Department must be dismissed because APD is a "non-suable entity." *Id.* at 4.

  A. <u>Legal Standard</u>

  Upon a request to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted, the Court tests the legal sufficiency of a party's claim for relief. The Court presumes that all well-pleaded allegations are true and resolves all reasonable doubts and inferences in the pleader's favor. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Yet, the federal pleading duty is not trivial. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (Rule 8 requirements "do[] not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

  To survive the Rule 12(b)(6) motion, Plaintiff's claims against the City "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (*citing Twombly*, 550 U.S. at 570). Plausibility means that Plaintiff must plead facts which allow "the court to draw the reasonable inference that [the City] is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 663-64. Plaintiff's factual allegations

against the City "must be enough to raise a right to relief above the speculative level." *See Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir. 2009) (citation omitted).

A complaint must provide more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," because "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (internal quotations omitted). "[A] plaintiff must 'nudge [ ][his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss. . . . Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (internal citation omitted).

B. <u>Discussion</u>

Plaintiff's Complaint makes no specific allegations against Defendant City of Albuquerque, although Plaintiff may be trying to hold the City liable for its police officers' conduct under a theory of respondeat superior. This is not permissible. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." *Ashcroft*, 556 U.S. at 676. "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). In *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 770 (10th Cir. 2013), the Tenth

8

Circuit Court explained that a municipality can be held liable in instances where an "official municipal policy of some nature caused a constitutional tort." (citation omitted).

Plaintiff does not allege the existence of a municipal policy, practice, or custom that might have caused a constitutional tort. *See* Complaint. Thus, even taking Plaintiff's allegations as true, Plaintiff has not stated a claim to relief against the City that is plausible on its face. Accordingly, the Court will grant Defendant City's Motion to Dismiss and will dismiss the municipal liability claim against the City, without prejudice. The dismissal without prejudice allows Plaintiff to include viable claims against the City of Albuquerque in the Amended Complaint, provided Plaintiff complies with the Court's instructions and Rule 11's requirements.

Defendant City also asks the Court to dismiss the claims against Defendant APD, arguing that APD is an administrative department within the City of Albuquerque that cannot be sued. "Generally, governmental sub-units are not separate suable entities that may be sued under § 1983." *Hinton v. Dennis*, 362 F. App'x 904, 907 (10th Cir. 2010) (citation omitted). Specifically, courts have held that sheriff's departments and police departments are not considered legal entities subject to suit. *Martinez v. Winner*, 771 F.2d 424, 444; *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). *See also Young v. City of Albuquerque and the Albuquerque Police Department*, 77 F. Supp.3d 1154, 1186 (D.N.M. 2014) (collecting cases).

Because the Court concludes that Defendant APD is a non-suable entity and that Plaintiff makes no plausible claim for relief against APD, the Court will grant Defendant City's Motion to Dismiss and will dismiss the claims against APD.

**IT IS THEREFORE ORDERED that:**

(1) Plaintiff's MOTION FOR AMENDMENT (Doc. No. 8) is GRANTED on the conditions described herein; Plaintiff's Amended Complaint must be filed with the Court no later than December 30, 2015;

(2) Plaintiff's MOTION FOR EXTENSION (Doc. No. 7) is GRANTED; Plaintiff has until February 1, 2016 to serve all Defendants with the Amended Complaint;

(3) DEFENDANT CITY OF ALBUQUERQUE'S MOTION REQUESTING DISMISSAL OF ANY SECTION 1983 MUNICIPAL LIABILITY CLAIM PLED IN PLAINTIFF'S COMPLAINT AGAINST DEFENDANT CITY OF ALBUQUERQUE AND DISMISSAL OF ALBUQUERQUE POLICE DEPARTMENT AS A DEFENDANT IN THIS MATTER (Doc. No. 10) is GRANTED, with the result that Plaintiff's § 1983 claims against Defendant City are dismissed without prejudice and Plaintiff's claims against Defendant Albuquerque Police Department are also dismissed;

(4) Plaintiff may assert a § 1983 claim against the City of Albuquerque in the Amended Complaint provided he can do so in accordance with the Court's instructions and Rule 11's requirements; and

(5) Failure to abide by the Court's instructions and Rule 11's requirements, and/or failure to meet the Court's filing and service deadlines may result in the dismissal of Plaintiff's Amended Complaint, with prejudice.

_James A. Parker_
_____
SENIOR UNITED STATES DISTRICT JUDGE